UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TAMMY SICKINGER,

        Plaintiff,

  v.

ANDREW M. SAUL,

        Defendant.

Case No. 19-cv-1489-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 6)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court felt that it needed more information to determine whether the plaintiff could proceed without prepaying the filing fee, so it ordered her to file an amended motion. Dkt. No. 5. The plaintiff filed that amended motion. Dkt. No. 6.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that she is not employed, she is married, and she has no dependents she is

1

responsible for supporting. Dkt. No. 6 at 1. The plaintiff's spouse is employed, and earns $2,994 per month. Id. at 2. The plaintiff and her spouse have monthly expenses of $2,983 ($310 rent, $483.21 car payments, $1,969.79 other household expenses, $130 storage unit). Id. at 2-3. The couple owns two cars worth a total of approximately $9,500, they own a home worth approximately $4,000, they own no other property of value, and they have $400 in cash on hand or in a checking/savings account. Id. at 3-4. The plaintiff states, "I am not employed as I am disabled. We own our trailer, but we rent the lot it is on. My husband is our current sole provider." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied Social Security benefits for lack of disability, that she is disabled, and that the conclusions and findings of fact by the Commissioner in his denial of benefits are not supported

2

by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 6. The court **DENIES as moot** the plaintiff's original motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 22nd day of October, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**